[Civ. No. 3049.   Third Appellate District.—May 29, 1926.]

## CITY OF SACRAMENTO (a Municipal Corporation), Respondent, v. CENTRAL CALIFORNIA TRACTION COMPANY (a Corporation), Appellant.

[1] WORKMEN'S COMPENSATION ACT—SUBROGATION—STIPULATED COMPENSATION—VERDICT—INSTRUCTIONS.—In this action by a municipal corporation against a traction company to recover moneys paid by plaintiff to city employees who, in the course of their employment, were injured through the alleged negligence of defendant, the parties having stipulated to average weekly earnings of said injured employees, the period of time over which such injury and incapacity for duty would extend, and the amount of compensation actually paid to them by plaintiff, and from these facts the court having computed the amount that would have been awarded to said employees under the provisions of the Workmen's Compensation Act, which amount was less than that actually paid them by plaintiff, defendant was not prejudiced by any error of the trial court in instructing the jury that, if they should find for the plaintiff, the verdict was limited by the amount fixed by the Workmen's Compensation Act.

[2] ID.—RIGHT OF SUBROGATION — EXTENT OF DISABILTY — COMPENSATION PAID—EVIDENCE.—The law has imposed an obligation upon an employer to pay compensation to its injured employees and has given it a right of subrogation as against a tort-feasor who had negligently injured the employee to the extent of the compensation so paid by the employer; and in an action by an em-

---

2.  See 27 **Cal. Jur.** 266.

ployer to recover moneys paid to its employees who, in the course of their employment, were injured through the alleged negligence of defendant, it is not error to admit in evidence testimony concerning the amounts pa'd by plaintiff to said injured employees or concerning the extent of disability suffered by the employees or in anywise tending to fix the liability of plaintiff under the Workmen's Compensation Act.

[3] ID.—ABSENCE OF CLAIM—PAYMENTS MADE PURSUANT TO CHARTER —RECOVERY.—The facts that said injured city employees did not make application for payment of disability indemnity under the Workmen's Compensation Act and that the payments made to them were pursuant to a provision of the city charter which provided that they were entitled to receive medical, surgical, and hospital treatment and full pay during the continuance of disability and until retired upon pension, were immaterial in determining plaintiff's right and measure of recovery.

(1) Workmen's Compensation Acts, C. J., p. 141, n. 8. (2) Workmen's Compensation Acts, C. J., p. 141, n. 8. (3) Workmen's Compensation Acts, C. J., p. 142, n. 12; 36 Cyc., p. 1622, n. 27.

APPEAL from a judgment of the Superior Court of Sacramento County. Malcolm C. Glenn, Judge. *Affirmed.

The facts are stated in the opinion of the court.

Butler, Van Dyke & Desmond for Appellant.

Robert L. Shinn, City Attorney, and Charles J. Hasman, Deputy City Attorney, for Respondent.

PULLEN, J., *pro tem.*—This is an action brought to recover moneys paid by the City of Sacramento, a municipal corporation, to city employees injured in the course of their employment by the Central California Traction Company. Judgment was rendered in favor of the City for the amount sued for, and an appeal has been taken to this court from the order denying the motion for a new trial and from the judgment.

On and prior to the twelfth day of January, 1921, the City of Sacramento was the owner of a certain unit of fire-fighting equipment, consisting of a motor-truck, attached to which was a hook-and-ladder truck, the entire apparatus measuring sixty-two feet in length and weighing about fourteen tons. This apparatus was operated by a crew of seven

men, including a driver who had charge of the motor-truck, and a tillerman mounted on the hook-and-ladder trailer who guided the two wheels of the trailer by means of a tiller wheel, but had no control over the speed or route of the tractor.

On the 12th of January, 1921, some time prior to 9 o'clock in the morning, this equipment was taken by its crew for the purpose of getting a supply of gasoline at a service station about four blocks away. After obtaining the gasoline at the filling station the crew took the equipment on a trial trip to adjust the carburetor. After the carburetor had been satisfactorily adjusted they started to return to their firehouse by a circuituous route crossing the intersection of Eighth and O Streets.

The defendant was operating an interurban car line between Sacramento and Stockton. Its lines, a double track, running north and south along Eighth Street, crossed over the street at the intersection of Eighth and O, at which point an interurban car operated by defendant collided with the motor fire equipment above described, injuring two firemen and damaging the fire apparatus.

The injured firemen brought separate actions against the defendant Traction Company, alleging that their injuries were caused by the negligent operation of the interurban car. Settlements were effected in their suits and they were not brought to trial. The respondent City of Sacramento brought this action against the Traction Company to recover damages to its fire equipment, and in addition, after setting up the relation of employer and employee existing between itself and the two injured firemen, alleged that it had paid certain sums for hospital and physicians' services for the injured men and had become obligated to pay certain sums in addition thereto under the obligation cast upon it by law by virtue of that relationship.

In the settlement of the action against it by the injured firemen the Traction Company did not obtain the consent of the City to compromise nor the consent of the court in which all of the actions were pending.

The answer of appellant denied that there was any negligence on its part in the operation of its car causing the collision and consequent damage and set up in addition the de-

fense of contributory negligence on the part of the crew of the fire apparatus and especially on the part of the driver.

The testimony indicates that the speed of the fire-truck upon entering the intersection was about five miles an hour and that the interurban car was going at the rate of fifteen to twenty-five miles per hour. [1] It was stipulated that the damage to the fire apparatus was $3,183.58 and for medical, surgical, and hospital treatment for the employees the sum of $629.15, as well as the amount of the average weekly earnings of the injured employees and also the period of time over which such injury and incapacity for duty would extend. This stipulation was received by the court subject, to the objection of appellant that the facts therein stipulated to were incompetent, irrelevant, and immaterial. From these stipulated facts the court computed the amount that would have been awarded the injured employees under the provisions of the Compensation Act and instructed the jury that if they found for the plaintiff, that the plaintiff was entitled to recover, in addition to the amount of damages for the truck, the stipulated amount expended for medical, surgical, and hospital treatment and also the stipulated amount representing compensation to the injured employees, which amounts the jury found due and returned a verdict in the sum of these amounts, aggregating $7,786.53.

The first point urged by appellant for reversal is based upon the instruction of the court directing the jury that if they found for plaintiff to find in the specific sums referred to above. It is conceded that if the City can maintain this action it is by reason of the provision of the Workmen's Compensation, Insurance and Safety Act, which in section 26, as amended in 1919, provides for what may be called a subrogation suit which may be brought by the employer whenever having become obligated to pay compensation by reason of an injury to an employee within the provisions of the act under such circumstances as to give rise to a liability for the damage resulting.

We are unable to find error in the instruction of the court. The evidence shows that the amounts actually paid by the respondent to the injured employees were in excess of the compensation fixed by the Workmen's Compensation Act. The jury determined from the evidence that appellant was liable and the amount of liability was merely a matter of

computation based upon the provisions of the Workmen's Compensation Act and flowed naturally from the fact of liability. If, as a matter of law, the respondent paid or had become obligated to pay such compensation, the damages sustained by the respondent were necessarily the amounts so paid or incurred by the terms of the act. (Citing *Moreno* v. *Los Angeles Transfer Co.*, 44 Cal. App. 551 [186 Pac. 800].)

The amount of the wages of the injured employees was stipulated, and the amount actually paid was stipulated, which amount was greater than the obligation imposed by the Workmen's Compensation Act, and this left nothing to be done but to compute the amount which respondent was entitled to recover under the act in the event the jury should find for plaintiff. Any other finding by the jury would have been unsupported by the evidence.

[2] The second specification of error is that the trial court erred in admitting in evidence testimony concerning the amounts paid by respondent to its injured employees or concerning the extent of disability suffered by the employees or in anywise tending to fix the liability of respondent under the Workmen's Compensation Act. If the respondent had offered evidence as to the disability of the injured employees and the amounts actually paid by it as compensation for such injuries it could not be claimed to have been either incompetent, irrelevant, or immaterial and would have been admitted by the court, but in this case to obviate the introduction in evidence of numerous witnesses the existence of the facts was stipulated subject to the objection stated above. The material question was the extent of the payment and the fact of disability, both of which elements were included in the stipulation.

The law has imposed an obligation upon an employer to pay compensation to its injured employees and has given it a right of subrogation as against a tort-feasor who had negligently injured the employee to the extent of the compensation so paid by the employer.

[3] Appellant further claims that the court erred in admitting evidence of the amounts that the respondent had paid to its employees without proof that it had either paid them or had become obligated to pay them by virtue of the provisions of the compensation act.

There is a provision in the charter of the City of Sacramento which provides that a city employee who becomes physically disabled by reason of injuries received while in the performance of his duties should be entitled to receive medical, surgical, and hospital treatment and full pay during the continuance of his disability or until retired upon pension.

It appears from the evidence that no application had ever been made by the injured employees for payment of disability indemnity under the Workmen's Compensation Act and that the only sums paid out by the respondent have been payments of salaries, hospital, and medical expenses and pensions as provided by the city charter. We deem it immaterial, however, out of what particular fund the payments may have been made or in response to what particular demand the moneys were so paid, for the undisputed fact shows that payments were made and a formal demand or application would have resulted in nothing further than has already been done.

Appellant also criticises numerous instructions given by the court. We have carefully examined the entire testimony and the instructions taken as a whole clearly declare the law as applicable to the case.

Appellant claims also that as a matter of law the driver of the fire-truck was guilty of contributory negligence.

From the testimony we learn that the fire-truck approached the intersection sounding its siren, at a rate of speed testified by some to be twenty-five to thirty miles an hour, by others not exceeding five miles an hour, and that the interurban car going south on Eighth Street was approaching the intersection without a warning signal at a rate of speed of from ten to twenty-five miles an hour, and at the same time a street-car belonging to appellant was going north on Eighth Street about fifteen miles an hour. The street-car had entered the intersection and the driver of the fire-truck swerved to the north to avoid striking the car and in so doing came directly in the path of the approaching interurban car which struck the truck, throwing it back against the street-car, as a result of which the injuries and damages alleged were sustained.

The driver of the truck testified that when about fifty-five feet from the intersection he looked toward the north or right and could see to the alley a distance of about 160 feet and neither saw nor heard an interurban car; that he looked to the south and saw the street-car approaching the intersection and devoted his attention to the approaching street-car until struck by the interurban. We cannot agree with appellant that, as a matter of law, the driver of the truck was guilty of contributory negligence.

In view of the foregoing, we are satisfied with the rulings and judgment of the trial court. The judgment should be and is hereby affirmed.

Plummer, J., and Finch, P. J., concurred.

A petition by appellant for a rehearing of this cause was denied by the district court of appeal on June 28, 1926, and the following opinion then rendered thereon:

THE COURT.—In this matter defendant and appellant has within the prescribed period requested this court to reconsider its decision rendered in favor of respondent. Appellant complains that this court has misconstrued certain principles of law pertaining to the measurement of damages.

We have reviewed the decision as filed and the briefs submitted last upon the original hearing and also the brief requesting a rehearing.

Appellant appears to overlook the point that the facts complained of, viz., the employment, the amount of compensation, and the length of time that each employee had suffered injury and the period of time before he would again be physically able to resume his duties, were all stipulated.

Petitioner is correct as to the general principles of law applicable to the case in question; the action is a subrogation suit and the measure of damages, in this as in any damage action, is the amount which will compensate the injured employees for all the detriment proximately caused by the breach of defendant, but at the trial of this action, instead of plaintiff proving the injuries in the usual manner, it was stipulated that the firemen were employees, that they were injured, and the extent and duration of the injuries, as well

as the salaries received at the date of injury, leaving as the only question to be determined that of liability.

It is true that respondent was restricted by the instruction given by the trial court and complained of by appellant which fixed the measure of damages at sixty-five per cent of the salaries received, the jury might have assessed a large amount for pain and suffering, but of that appellant cannot complain, and respondent has raised no protest.

We again declare that, in view of the stipulation, it was not error for the trial court to compute the amount of damages based upon the earnings of the employees, for aside from any allowance for pain and suffering, an allowance of either more or less than the stipulated earnings computed by the court would not have been sustained by any evidence in the case.

It is correct that the instruction should not have limited the measure of damages to earnings alone, but appellant being benefited thereby cannot be heard to complain.

Petition for rehearing denied.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 28, 1926, and the following opinion then rendered thereon:

THE COURT.—The petition for a hearing in this court is denied.

Such denial, however, should not be taken as an approval of what is said in the opinion indicating that the measure of damages in such cases is the amount fixed by the Workmen's Compensation Act for injuries to be paid by the employer to the employee or his dependents. (See *Western States etc. Co.* v. *Bayside L. Co.*, 182 Cal. 140 [187 Pac. 735].) Applying the rules which are generally applicable to measure the liability of a tort-feasor we think that the appellant, under the particular facts of this case, was not prejudiced by the instruction of the court limiting the damages which the respondent might recover to the stipulated amounts.