[Civ. No. 6240. First Appellate District, Division One.—May 31, 1928.]

LONDON GUARANTEE & ACCIDENT CO., LTD., Petititioner, v. INDUSTRIAL ACCIDENT COMMISSION and MAURICE G. READ, Respondents.

R. P. Wisecarver for Petitioner.

G. C. Faulkner for Respondents.

KNIGHT, J.—This is a proceeding in *certiorari* to have annulled an award made by the Industrial Accident Commission in favor of respondent Maurice G. Read and against the petitioner London Guarantee & Accident Company, Limited.

Read was employed as a soda fountain clerk by the Associated Students of the University of California while attending the university as a student, and on August 17,

1926, in helping to lift a barrel weighing about 300 pounds, bruised his left knee. He considered the injury slight, just a bruise, and did nothing about it, but on September 15, 1926, the condition of the knee had not improved and at that time he applied to the university infirmary, as a student of the university, for medical treatment. He was treated there two or three times a week until January 30, 1927, on which date it was ascertained that the bruise had started a growth on the knee, which appeared to be infected, and upon consultation the doctors connected with the university determined that an operation and possibly an amputation of the leg would be necessary. When Read learned it would be necessary to operate he so notified his superior, who already knew of Read's injury and of the medical treatment he had been receiving at the infirmary, and they notified the insurance carrier, petitioner herein.

On February 2, 1927, the doctors operated, an amputation being unnecessary; but the bone was scraped and Read was not discharged from the hospital until February 23d, at which time he returned to work. As stated, before entering the hospital notice of Read's injury and of his intention to undergo an operation at the hospital was given to the insurance carrier, and a few days afterward the latter's representative conferred with Read and took his statement, but apparently did nothing further about the matter. Shortly after his discharge from the hospital and on March 3d, Read inquired of the insurance company what it was going to do regarding his case, and was told that it would do nothing; that the company did not believe that the condition of his knee was the result of the injury; that it had not received a report thereof until January 24th, and in any event was relieved from all liability because Read had not filed his claim within the period fixed by the statute of limitations. Thereupon and on March 12th Read filed an application with the Commission for an adjustment of his claim, and the matter came on for hearing on March 30th, at which time petitioner stipulated that it was the insurance carrier for Read's employer, and that if there was any liability it would assume the same. The evidence adduced at the hearing shows that Read's treatment at the infirmary was furnished to him as a student of the university without cost, but that the operations, X-rays, con-

sultations, etc., amounting to $259 were charged for and the award was applied for to cover the payment of these expenses. No claim was made for loss of time because Read's wages were being constantly paid, even while he was totally disabled in the hospital. Subsequently and on May 26th Read's employer also paid $10 on the medical bills incurred by Read as a result of the operation.

The decision of the Commission was rendered on October 22, 1927, it being found, among other things, that "the application herein was filed on March 12, 1927, more than six months after the date of the said injury, but on or about May 26, 1927, the said employer assumed and paid the sum of $10 on account of the medical expense incurred by the applicant, thereby assuming liability therefor, and the claim herein is not barred by the provisions of section 11 of the Workmen's Compensation Act" [Deering's Gen. Laws 1923, Act 4749, sec. 11] ; and an award was made in the sum of $249.

Petitioner contends that having stipulated at the hearing that it was the insurance carrier for the employer subrogated it to all of the rights of the employer, and that consequently the employer could not bind it by any payment afterward made by the employer on the bill for medical attention, citing the case of *Beverly* v. *Fairmont Hotel*, 85 Cal. App. 567 [259 Pac. 955], which holds that "Benefits furnished by an employer after an insurance carrier has assumed liability and the employee has accepted the benefits paid by it by reason of such assumption . . . are not effectual to prevent the running of the statute of limitations against any claim which the employee might have against the insurance carrier."

However, aside from the merits of the foregoing contention, there are other grounds upon which we think the granting of the award must be sustained. Under the provisions of section 11 (c) of the Workmen's Compensation Act the payment of compensation shall have the effect of extending the period within which proceedings for its collection may be commenced, six months from the date of the last payment; and, as stated, the evidence here shows without dispute that while Read was totally disabled in the hospital his wages were being constantly paid by his employer. We are of the opinion that the payment of such

wages, under the circumstances above related, constituted the payment of compensation for the injury; and that, therefore, since Read's application was filed within six months after the last payment of such compensation, his claim was not barred by the statute of limitations.

There appears to be no case adjudicated by the courts upon this particular point, but it has long been the rule of the Commission that where, as here, an employee is totally disabled and his employer continues to pay him full wages during the period of his disability, such payments do not constitute wages or gratuities, but are payments of compensation which operate to toll the statute during their continuance (27 Cal. Jur., p. 458; *Oders* v. *Great Western Electro Chemical Co.*, 6 I. A. C. 95); and we find nothing unreasonable in the construction thus placed upon the terms of the act. The application of the foregoing rule depends, of course, upon the particular circumstances under which the wages are paid. For instance, in the case of *Hunt* v. *Industrial Accident Commission*, 43 Cal. App. 373 [185 Pac. 215], the injured employee returned to work and was paid regular wages therefor, but he claimed before the Commission that he was still suffering from his injuries and was not fully able to perform the duties of his position; and he sought to have the statute of limitations tolled upon the ground that the payment of such wages constituted the payment of compensation. In deciding the point adversely the court stated that the applicant failed to show the existence of any agreement between himself and the employer to the effect that the pay he was receiving was to be in the nature of compensation for injuries; nor did he show that the work was unsatisfactory or that the compensation was more than his services were actually worth; and that, therefore, "in the absence of such showing it cannot be held that the mere fact that the employer permitted the employee to return to his old position at full pay and to continue therein for several months could give rise to a claim that a portion of the pay which he thus received was in the nature of compensation for his previous injuries." Here, however, the employee was totally disabled in the hospital and performed no work whatever for which the sums paid him might be deemed wages.

In the absence of any finding by the Commission that there has been unreasonable delay in paying compensation it would seem that that part of the award imposing the payment of interest cannot be sustained. (*Pacific Indemnity Co.* v. *Industrial Acc. Com.*, 202 Cal. 521 [261 Pac. 987].) Respondents stipulate, however, that the order for the payment of interest may be annulled without further proceedings being had before the Commission. Therefore, as thus modified, by striking out the order for the payment of interest, the award is affirmed.

Parker, J., *pro tem.*, and Tyler, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 30, 1928.