[Civ. No. 6362. First Appellate District, Division Two.—November 20, 1928.]

CITY OF OAKLAND (a Municipal Corporation), Appellant, v. THEODORE D. LYCKBERG, Respondent.

Preston Higgins, City Attorney, C. Stanley Wood, Assistant City Attorney, and Homer W. Buckley, Deputy City Attorney, for Appellant.

Louis V. Crowley for Respondent.

Jess E. Stephens, City Attorney, City of Los Angeles, and Willis L. Grafton, Deputy City Attorney, City of Los Angeles, as *Amici Curiae*.

STURTEVANT, J.—On the eighteenth day of February, 1926, Nels G. Rosen was duly appointed, qualified, and acting police officer in the City of Oakland; on that date at about 4:30 P. M. he was injured by being knocked down by an automobile driven by the defendant; thereafter the plaintiff paid $172.50 for medical and surgical treatment, hospital and nurse bills, drugs, X-rays and surgical appliances and it also paid Rosen $607.37, being the full amount of his salary during the time that he was disabled and did not report for work; thereafter it commenced this action to recover the moneys so expended; the defendant appeared and answered; the parties stipulated as to the facts and the case was tried before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff in which it found that plaintiff had made the expenditures above enumerated and, as conclusions of law, it ordered repaid to the plaintiff the above-mentioned item of $172.50, but on the second item only $394.79. The plaintiff has appealed and has brought up the judgment-roll.

The sole question before this court is whether the plaintiff was entitled to be reimbursed $607.37, the amount of salary paid to Officer Rosen while he was disabled and unable to work. The defendant asserts that the judgment was for the total amount which the Workmen's Compensation, Insurance and Safety Act (Deering's General Laws, p. 1711) authorized, and that the judgment should be affirmed. It is assumed that the statute cited is the only statute involved. In making this assumption we think the defendant falls into error. Nels G. Rosen was, at the time of the accident, a duly appointed, qualified, and acting policeman of the City of Oakland. At that time the City of

Oakland was a duly created and acting agency of a sovereign state, the state of California. Nels G. Rosen was therefore a public officer. (*Noble* v. *City of Palo Alto,* 89 Cal. App. 47 [264 Pac. 529]; *Patten* v. *Board of Health, etc.,* 127 Cal. 388, 393 [78 Am. St. Rep. 66, 59 Pac. 702].) The salary of the officer was fixed by virtue of a statute authorizing the same to be fixed and that salary was an incident to the title to the office and not to the position and performance of the duties of the office. (*People ex rel. Dorsey* v. *Smyth,* 28 Cal. 21, 25; *Chubbeck* v. *Wilson,* 151 Cal. 162, 165 [12 Ann. Cas. 888, 90 Pac. 524].) It follows that a public officer having the legal title to his office is entitled to the salary whether he performs the duties thereof or does not. It also follows that, by virtue of existing laws, the City of Oakland is obliged to pay its policemen whether they are confined to their beds by reason of physical injuries or are at work. The salary paid to the officer during the time he was off duty would have been a proper item of damage in a tort action. (Civ. Code, sec. 3333.) The act cited by the defendant contains nothing contrary and was not intended to contain anything to the contrary. It was enacted for the purpose of protecting persons, including, among others, police officers. The statute, however, was not enacted to change the rights of a sovereign agency as against the wrongs of third persons. It is not controverted but what the trial court made its estimates by following the provisions of the act cited by the defendant. The question before us is, do the provisions of that statute fix the amount which the plaintiff may claim in this action? In the Workmen's Compensation, Insurance and Safety Act the particular passage which is pertinent is section 26. Omitting irrelevant parts, it is there provided: " . . . any employer having paid or having become obligated to pay compensation, may likewise bring an action against such other person to recover said damages. . . . If the suit be prosecuted by the employer alone evidence of any expenditures which the employer has paid or become obligated to pay by reason of said injury or death shall be admissible, and such expenditures shall be deemed a part of the damages, including a reasonable attorney's fee to be fixed by the court; and if in such suit the employer shall recover more than the amount he has

paid or become obligated to pay as compensation he shall pay the excess to the injured employee or other person entitled. . . . '' The defendant argues that ''compensation'' has a limited meaning and cites section 3, subdivision 3, which is as follows: ''The term 'compensation' means compensation under this act and includes every benefit or payment conferred by sections six to thirty-one, inclusive, of this act upon an injured employee, or in the event of his death, upon his dependents, without regard to negligence.'' Conceding the fact, the argument leads nowhere, because whatever the meaning of the word, it includes the factors enumerated in section 26 and the scope of section 26 has been the subject of several decisions. The case of *Western States etc. Co.* v. *Bayside L. Co.*, 182 Cal. 140 [187 Pac. 735], is quite helpful. All of the facts do not appear in the opinion. An examination of the record discloses that a pile of lumber owned by the defendant toppled over and killed J. J. Sullivan, who was employed by the plaintiff. Thereafter the plaintiff obligated itself to pay the widow of the deceased $4,500. The widow collected insurance in the sum of $3,000. Thereafter the plaintiff sued the defendant to recover damages in the sum of $50,000. The jury brought in a verdict for the sum of $20,000 and the defendant appealed. On page 148 of 182 Cal. the court said: ''There is nothing in the point that the measure of the damages is that fixed in the Workmen's Compensation Act for compensation for injuries to be paid by the employer to dependents of the employee. This action was brought against a third person causing such death, to recover the full amount of damages suffered by the family, and plaintiff is required to pay to the family the difference, if any, over and above the amount theretofore paid to her.'' So in this case this plaintiff could have sued for a much larger sum than it did sue for. In the case of *Sacramento* v. *Central California T. Co.*, 78 Cal. App. 215 [248 Pac. 307], the court was considering an action brought by the city of Sacramento to recover moneys paid out for injuries sustained by some of its firemen when the crew was hit by an interurban car. On page 219 of 78 Cal. App. the court used this language: ''If, as a matter of law, the respondent paid or had become obligated to pay such compensation, the damages sustained by the respondent were necessarily the amount so paid or incurred by the terms

of the act." On a petition to have the cause transferred to the supreme court that court denied the petition and, on page 222 of 78 Cal. App. it used the following language: "The petition for a hearing in this court is denied. Such denial, however, should not be taken as an approval of what is said in the opinion indicating that the measure of damages in such cases is the amount fixed by the Workmen's Compensation Act for injuries to be paid by the employer to the employee or his dependents. (See *Western States etc. Co.* v. *Bayside L. Co.*, 182 Cal. 140 [187 Pac. 735].) . . . " It follows that the trial court erred in failing to award to the plaintiff the full amount of salary theretofore paid by the plaintiff to Nels G. Rosen.

The last sentence of the judgment rendered by the trial court is modified by striking out "$567.29" and inserting instead "$778.87." As so modified the judgment is affirmed.

The plaintiff will recover its costs on appeal.

Nourse, J., and Koford, P. J., concurred.