[L. A. No. 13510. In Bank.—September 28, 1932.]

WILLIAM T. EVANS, Appellant, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Defendant; THE CITY OF LOS ANGELES (a Municipal Corporation), Intervener and Respondent.

496

George W. Rochester and Howard T. James for Appellant.

Jesse E. Stephens and Erwin P. Werner, City Attorneys, Frederick von Schrader, Assistant City Attorney, and Willis L. Grafton and Arthur W. Nordstrom, Deputies City Attorney, for Intervener and Respondent.

Hugh B. Bradford, City Attorney (Sacramento), Joseph L. Knowles, Assistant City Attorney, J. Leroy Johnson, City Attorney (Stockton), Clarence A. Grant, Assistant City Attorney, C. Stanley Wood, City Attorney (Oakland), and Homer W. Buckley, Assistant City Attorney, *Amici Curiae* in Support of Respondent.

A. L. Townsend and Edward O. Allen, *Amici Curiae* in Support of Industrial Accident Commission.

THE COURT.—Plaintiff, a fireman employed by the City of Los Angeles, was injured in the line of duty by reason of the negligence of defendant's employees operating a street-car. He was incapacitated, but under the terms of a city ordinance his full salary of $200 a month was paid. Medical and hospital treatment was also furnished him by the city. Plaintiff made no claim for compensation under the Workmen's Compensation Act, but brought an action

for damages against defendant Los Angeles Railway Corporation. The city intervened, seeking a lien upon any judgment for sums paid to plaintiff, and also seeking recovery against defendant for any future liability to plaintiff under the Compensation Act. An offer of settlement was made by defendant and accepted by both plaintiff and intervener. The sum of $3,500 was thereupon deposited in court, and releases executed and delivered to defendant. The trial court then entered judgment in favor of the city in the amount of $778.14, the amount it had already paid to plaintiff, and in favor of plaintiff for the balance. It was provided, however, that the said balance should not be paid to plaintiff until he released the city from any future liability. Plaintiff appealed.

█ The theory of the city is that upon injury to plaintiff in the course of his employment it incurred liability under the Workmen's Compensation Act; that the continuance of the full salary of plaintiff during the period of his disability constituted in part a payment of compensation under the said act; and that under section 26 thereof the city as an employer was entitled to reimbursement for its expenditures out of any recovery from a third party tortfeasor. Plaintiff argues that the city is not entitled to reimbursement because there was, in fact, no payment of compensation as required by the Workmen's Compensation Act; that the payment was by virtue of a city ordinance providing that every officer or member of the fire department injured in the line of duty should receive his full salary while incapacitated. Section 3, subdivision 3, of the Compensation Act provides that the term "compensation" means "compensation under the act". It therefore follows, according to plaintiff, that such payment cannot be considered as having been made on account of compensation under the act, and that in order for the city to justify its claim to part of the judgment it would be necessary for it to show two distinct payments: the full salary under the ordinance and an additional sum as compensation. Language in *Jackson* v. *Wilde*, 52 Cal. App. 259 [198 Pac. 822], tends to support this view, but since it results in obvious double recovery for the employee, the conclusion may well be questioned.

The problem is essentially one of construction of the ordinance. The payments made by the city should, in plaintiff's opinion, be deemed to be in compliance with the ordinance; and, in intervener's opinion, in fulfillment of the obligation incurred under the Compensation Act. The assumption made by plaintiff is that it must be one or the other, but we see no reason why this should be so. It is true that the ordinance requires the payment of a larger sum than the state law (the full salary instead of a certain percentage thereof), and that in the absence of the state law the salary would still have to be paid. But to the extent of the sum required to be paid as compensation, the payment is just as much a compliance with the state law as with the ordinance, and can be so considered. To take a contrary view would mean that the city, having for a certain period paid the full salary of an employee, who did no work during such period, would in addition be liable to him for a further sum as compensation for his incapacity. Plaintiff suggests that under section 69a the act should be liberally construed in favor of the employee, but nothing in that section nor in the general policy of the law suggests the propriety of a double payment for a single injury, or a larger payment for an incapacitated employee than for one rendering services. The proper and reasonable construction of the ordinance, it seems to us, is that it fulfills the obligations of the city as an employer under the act. That it goes further, and provides for a greater amount than the act requires, is doubtless justified by the peculiarly hazardous character of the fireman's work.

In the case of private employments, it has been held, in accordance with the practice of the Industrial Accident Commission, that payment of full wages to an injured employee constitutes the giving of compensation, operating, e. g., to toll the statute of limitations on the right to file a claim. (*London G. & A. Co.* v. *Industrial Acc. Com.*, 92 Cal. App. 298 [268 Pac. 670].) *Sacramento* v. *Central Cal. Traction Co.*, 78 Cal. App. 215 [248 Pac. 307], takes the same view as to a public employment, and substantially supports the conclusion hereinbefore expressed. There a fireman was injured by collision of the fire-truck and a street-car operated by defendant, and the city sued, seeking reimbursement for expenditures. The injured employee

had received full pay, under the provisions of an ordinance. The court held that the city could recover, regardless of the fact that no formal demand for compensation had been made, and regardless also of the fact that the amounts actually paid were in excess of those required under the act. The court said (p. 220): "We deem it immaterial . . . out of what particular fund the payments may have been made or in response to what particular demand the moneys were so paid. . . . " *City of Oakland* v. *Lyckberg,* 95 Cal. App. 71 [272 Pac. 606], following the preceding case, also held that the municipality, having paid the salary of the injured employee, a policeman, was entitled to recover the amount from the third party tort-feasor.

The case of *Jackson* v. *Wilde, supra,* states that a fireman is a public officer and that his salary is annexed to his office and payable whether he is rendering services or not; and that therefore this payment cannot be considered compensation. We deem it unnecessary to discuss the conflict of authority on the question whether firemen are "public officers" rather than employees, since such a characterization does not solve the fundamental problem of the proper interpretation of the ordinance and the state law. Regardless of what he may be called, the state law requires payment to a fireman of compensation upon his becoming injured or disabled in the course of his employment; the ordinance of the city of Los Angeles requires payment of his full salary during the period of his incapacity; and in the absence of an express contrary statement in the ordinance, a reasonable interpretation must be followed. Under this interpretation part of the salary received is to be deemed a performance of the obligation to give compensation. *Jackson* v. *Wilde, supra,* in so far as it makes a contrary holding, is overruled.

The judgment is affirmed.