[Civ. No. 42295. Second Dist., Div. Three. Mar. 28, 1974.]

STATE COMPENSATION INSURANCE FUND,
Plaintiff and Respondent, v.
CLEVESTER WILLIAMS, JR., Defendant and Appellant.

## COUNSEL

Cooksey, Coleman & Howard and Paul Cooksey for Defendant and Appellant.

T. Groezinger, James Vonk and Herbert Lasky for Plaintiff and Respondent.

## Opinion

**LORING, J.**\* — On December 21, 1967, State Compensation Insurance Fund filed an action in the Municipal Court of Compton Judicial District against Clevester Williams, Jr., and various fictitiously named defendants seeking $80 plus attorney's fees and costs as damages under Labor Code sections 3850-3864. The complaint alleged that plaintiff was the workmen's compensation insurance carrier for Walt Weber Machine Shop, a corporation; that Kenneth C. Weaver, an employee of that company, sustained injuries on December 23, 1966, in the course and scope of his employment which injuries were proximately caused by the negligence of the defendants in the operation of an automobile. The complaint alleged that plaintiff had been required to pay $80 for medical benefits and would be required to pay unknown additional amounts in the future, all proximately caused by the negligence of the defendants. Defendant Williams alone answered with a general denial, and pleaded contributory negligence of Weaver as an affirmative defense. On June 22, 1970, plaintiff filed a notice of motion to amend its prayer for damages, and requested the cause be transferred to the superior court. The cause was transferred and, after several settlement conferences in that court, plaintiff filed a motion to file a supplemental complaint to increase the allegation of damages to $7,347.30. This motion was granted. On September 22, 1972, the court, after a nonjury trial on August 15, 1972, rendered judgment in favor of plaintiff and against Williams in the sum of $7,347.39 with interest and costs. No reference was made to attorney's fees. Defendant filed notice of appeal from the judgment on October 26, 1972. At the time of trial the parties entered into a stipulation outlining the facts of the accident. It was a rear-end accident and as a result, "there are no mitigating circumstances insofar as contributory negligence or anything else. For all practical purposes, the accident is one for which Clevester Williams, Jr., was legally liable." It was further stipulated that at the time of the accident Weaver was in the course and scope of his employment and pursued a cause under the workmen's compensation law and "by reason of that cause the State Compensation Insurance Fund brings action against Williams under the appropriate labor code provisions." Counsel for defendant then stated: "MR. COOKSEY: Finally, we are prepared to stipulate that if evidence were submitted as to the amount of the claim of the State Compensation Insurance Fund the total claim would amount to $7,347.39 but that the defendant objects to the introduction of any such evidence as measure the damages on the ground that it was a denial of due process under the California and United States Constitutions to fix the amount of Williams'

---

\*Assigned by the Chairman of the Judicial Council.

damages and, for all practical purposes, in view of the liability situation, to fix his complete liability without affording him an opportunity to be heard at the Workmen's Compensation Appeals Board hearing. Therefore, the objection to the evidence is that it is irrelevant, immaterial and incompetent."

The court overruled the objection "under compulsion of" *Board of Administration* v. *Ames,* 215 Cal.App.2d 215 [29 Cal.Rptr. 917]. Plaintiff then offered a certified copy of the award from the Workmen's Compensation Appeals Board to which defendant made the same objection which was overruled. Defense counsel, subject to the same objection, stipulated that the payments were made by plaintiff "pursuant to the appropriate provisions of the Labor Code of the State of California." Both sides then rested. Judgment was awarded as indicated.

### Contention

Defendant on appeal contends that the court erred in admitting in evidence over objection the stipulation and the evidence of the award by the Workmen's Compensation Appeals Board as the basis of its assessment of damages against him and that by doing so, he has been denied due process of law because he had no right or legal opportunity to be heard before the Workmen's Compensation Appeals Board which made the award, upon which plaintiff's cause of action was based.

### Discussion

We are here concerned to a degree with questions regarding the constitutionality of California Labor Code section 3854.[1] Although respondent also discusses section 3855, we are not concerned with that section because the employee, Weaver, was not a party to the action in the court below.

As indicated, appellant contends that section 3854 violates the due process of law clauses of both the federal and state Constitutions because it authorizes a taking of his property without giving him an opportunity to

---

[1]Labor Code section 3854 reads as follows: "If the action is prosecuted by the employer alone, evidence of any amount which the employer has paid or become obligated to pay by reason of the injury or death of the employee is admissible, and such expenditures or liability shall be considered as proximately resulting from such injury or death in addition to any other items of damage proximately resulting therefrom."

Note: The "action" referred to in the section is an action against a third party tortfeasor. All references hereafter are to sections of the Labor Code unless otherwise noted.

appear before the Workmen's Compensation Appeals Board and contest the issue of the amount of damages which Weaver claimed to have sustained. Respondent replies that the issue is not one of procedural due process but one of substantive due process: Was the creation of a cause of action by the Legislature a reasonable exercise of the Legislature's authority under its police power to enact laws for the general welfare? As thus framed, what we are really concerned with is the constitutionality of section 3852.[2] Appellant does not refer to section 3852 in his brief filed herein.

This section creates a new cause of action unknown at common law entirely separate from the injured employee's common law right of action for damages. (*City of Los Angeles* v. *Howard,* 80 Cal.App.2d 728, 729 [182 P.2d 278]; *Limited Mutual etc. Ins. Co.* v. *Billings,* 74 Cal.App.2d 881, 882 [169 P.2d 673].) Although some cases use the word "subrogation," i.e., the employer is "subrogated" to the right of the employee against the third person, in our opinion the better reasoned cases correctly classify it as an entirely new cause of action which is vested in the employer and which was unknown at common law. It is essentially a statutory action for *indemnity* to recover from the third person tortfeasor the "damage" which the employer has sustained as a proximate result of the third person's tort. As stated in the two cases last cited, the new cause of action permits the employer to recover from the third party tortfeasor the "damage" which the employer sustained, i.e., at least the amount that the employer has been legally required to pay the employee by the award and order of the state agency. As we shall see by cases hereinafter cited, it also includes actions to recover amounts which the employer has been required to pay the employee by other provisions of law in lieu of workmen's compensation. There is no doubt that as to the employer the award of the state agency in favor of the employee is the measure of the minimum damage sustained by the employer since the employer is legally obligated to pay that award when it becomes final.

As was stated in *Board of Administration* v. *Ames, supra,* 215 Cal. App.2d 215, 224, "[d]efendant's [appellant's] liability is not determined

---

[2]Section 3852 reads as follows: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

The word "employer" as used in this section "includes insurer." (Lab. Code, § 3850, subd. (b).)

in the Industrial Accident Commission proceeding. It is determined in this action." The court also said, at page 225: "*Sacramento [City of Sacramento v. Central Cal. Traction Co.] supra,* (78 Cal.App. 215 [248 P. 307]), held, in effect, that under the Workmen's Compensation Act, where liability for injury to an employee by a third party tortfeasor is determined (and in the case at bench it was determined by the trial court) the measure of damages for that injury is subject to legislative control and that the amount of damages may be determined in some proceeding other than that which determines the liability of the third party."

The court also said, at page 226: "The Labor Code subrogation provisions, . . . providing that the amount fixed by the Industrial Accident Commission as compensation for the employee may be recovered from a third party tortfeasor, have been in effect for over 40 years and their constitutionality has never been denied."

In *Evans* v. *Los Angeles Ry. Corp.,* 216 Cal. 495 [14 P.2d 752], plaintiff, a foreman employed by the City of Los Angeles, filed an action for damages against defendant, an alleged third party tortfeasor, for injuries sustained in an accident. The city, as plaintiff's employer, intervened and sought to recover damages which it sustained as a result of the accident. The alleged damages which the city sustained was the amount of plaintiff's salary paid during the period of disability which was paid under the requirements of a city ordinance. No action was filed by plaintiff under the Workmen's Compensation Act. The city alleged that the ordinance had been enacted to discharge its obligation under the Workmen's Compensation Act and that the salary paid under the ordinance was the equivalent of money paid pursuant to an award under the Workmen's Compensation Act. The Supreme Court, in ruling in the city's favor, said (216 Cal. at pp. 498-499): "In the case of private employments, it has been held, in accordance with the practice of the Industrial Accident Commission, that payment of full wages to an injured employee constitutes the giving of compensation, operating, e.g., to toll the statute of limitations on the right to file a claim. (*London G. & A. Co.* v. *Industrial Acc. Com.,* 92 Cal.App. 298 [268 Pac. 670].) *Sacramento* v. *Central Cal. Traction Co.,* 78 Cal.App. 215 [248 Pac. 307], takes the same view as to a public employment, and substantially supports the conclusion hereinabove expressed. There a fireman was injured by collision of the fire-truck and a street-car operated by defendant, and the city sued, seeking reimbursement for expenditures. The injured employee had received full pay, under the provisions of an ordinance. The court held that the city could recover, regardless of the fact that no formal demand for compensation had been made, and regardless also of the fact that the amounts actually paid were in excess of those required under the

act. The court said (p. 220): 'We deem it immaterial . . . out of what particular fund the payments may have been made or in response to what particular demand the moneys were so paid. . . .' *City of Oakland* v. *Lyckberg,* 95 Cal.App. 71 [272 Pac. 606], following the preceding case, also held that the municipality, having paid the salary of the injured employee, a policeman, was entitled to recover the amount from the third party tort-feasor."

In *Smith* v. *County of Los Angeles,* 276 Cal.App.2d 156 [81 Cal.Rptr. 120], the heirs of a deceased policeman and the City of Los Angeles each filed an action against the County of Los Angeles for damages caused by the negligence of a county employee which resulted in the death of the policeman. The two actions were consolidated. The city sought to recover the amounts it had previously paid and the present value of amounts which it would be required to pay by law in the future by reason of the death of the policeman. The county claimed that the city was not entitled to recoup future payments even though they were made under compulsion of law. The court said (276 Cal.App.2d at pp. 161-162): ". . . The employee, or his heirs, or the employer, have the right to file an action against a third party tortfeasor. The cause of action by the employee is for damages or wrongful death; the employer's action is to recover or be reimbursed for compensation or other payments made by him or which he is obligated to make. (*Ferrario* v. *Conyes,* 19 Cal.App.2d 58 [64 P.2d 975].) In a case such as that now before us, which does not involve the question of concurring negligence of the employer, the scheme of the legislation in the provisions of section 3852 authorizing the causes of action by an employee and/or employer against a third party tortfeasor seems clear. In substance, the third party is liable for all the wrong his tortfeasance brought about; this includes both the damage to the employee and payments made or required to be made by the employer. [Fn. omitted.]"

The court also said, at pages 165-166: "The *Matulich* [*State Comp. Ins. Fund* v. *Matulich,* 55 Cal.App.2d 528 (131 P.2d 21)] court did not say that the employer could recover anything more (or less) in its own right than that for which it was obligated to pay to the employee. We apply that construction to the legislative directive, and find that an employer (not himself a concurring tortfeasor) may recover that which he 'pays, or becomes obligated to pay, . . . or who pays, or becomes obligated to pay salary in lieu of compensation . . . may recover . . . in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension or other emolument paid to the employee or to his dependents.' (§ 3852.) The fact that the employer's action has been consolidated with that of the employee or that of the employee's successors cer-

tainly cannot reduce his right of recovery for damages incurred, or limit the evidentiary proof of his damages.

"In *Board of Administration* v. *Ames,* 215 Cal.App.2d 215 [29 Cal. Rptr. 917], the court recognized that where the law has imposed an obligation upon an employer to pay death benefits (see *Fifield Manor* v. *Finston,* 54 Cal.2d 632, 638-640 [7 Cal.Rptr. 377, 354 P.2d 1073]), it also has given it a right of subrogation as against a tortfeasor to the extent of the compensation paid, or which he has become obligated to pay. At page 224 of *Ames,* the court quoted from *City of Sacramento* v. *Central Cal. Traction Co.,* 78 Cal.App. 215, 218-219 [248 P. 307], as follows: ' "If as a matter of law, the respondent [city] paid or had become obligated to pay such compensation, the damages sustained by the respondent were necessarily the amounts so paid or incurred by the terms of the act. (Citing *Moreno* v. *Los Angeles Transfer Co.,* 44 Cal.App. 551 [186 P. 800].) . . . The law has imposed an obligation upon an employer to pay compensation to its injured employees and has given it a right of subrogation as against a tort-feasor who had negligently injured the employee to the extent of the compensation so paid by the employer." ' In *Ames,* the court construed *City of Sacramento, supra,* and considered the opinion rendered by the Supreme Court in denying a hearing to be authority for the proposition that recovery of an employer against the tortfeasor includes not only the amount of compensation required by the Workmen's Compensation Act, but all such excess payments as are required by operation of law. In the instant case, this would be the total benefits payable under the City's reitrement [*sic*] system. [Fn. omitted.]"

*Smith* v. *County of Los Angeles, supra,* stands for the proposition that in an action by the employer for indemnity [erroneously called subrogation] against a third party tortfeasor, the measure of the employer's damage is the amount which he is required by law [ordinance, statute or final award of the Workmen's Compensation Appeals Board] to pay to the employee or his heirs.

Since the amount which the employer is required to pay the employee is legally conclusive as to the employer, it is at least to that extent conclusive as to any third party tortfeasor as evidence of the "damage" which the employer has sustained. As pointed out in *Board of Administration* v. *Ames, supra* (215 Cal.App.2d at pp. 224-225), the Supreme Court, in denying a hearing in *City of Sacramento, supra,* suggested that there might be situations in which an employer was entitled to additional amounts from a third party tortfeasor but as to the amount of the award which the employer was legally bound to pay by reason of the award of the state agency,

then the third party tortfeasor, if found to be liable, would be liable for at least the amount of the award since that award is at least the minimum measure of such damage.

The constitutionality of section 3852, or its earlier counterparts, has been upheld. (See *Western States etc. Co.* v. *Bayside L. Co.,* 182 Cal. 140, 148 [187 P. 735]; *State Comp. Ins. Fund* v. *Dalton,* 13 Cal.App.2d ,284, 288 [56 P.2d 962].) In *De Cruz* v. *Reid,* 69 Cal.2d 217 [70 Cal.Rptr. 550, 444 P.2d 342], the Supreme Court, referring to various code sections and *Western States etc. Co.* v. *Bayside L. Co., supra,* said at page 222: "We have said that such statutory provision is 'merely a legislative recognition of the equitable doctrine of subrogation, . . .' "

The constitutionality of workmen's compensation laws generally has been upheld as a proper exercise of the state's police power. (See *Mathews* v. *Workmen's Comp. Appeals Bd.,* 6 Cal.3d 719 [100 Cal.Rptr. 301, 493 P.2d 1165]; *Lowman* v. *Stafford,* 226 Cal.App.2d 31 [37 Cal.Rptr. 681]; see generally, 55 Cal.Jur.2d, Workmen's Compensation, § 7, pp. 19-22.)

It is manifest that if an employer or his insurance carrier could not recover from a third party tortfeasor the full amount of an award that the employer was required by law to pay to an employee by virtue of an order of a state agency, then the employer could not recover the "damage" which he sustained, and the object and purpose of the workmen's compensation laws would be frustrated. The employer in such event would not have a cause of action to recover the "damage" he sustained, but merely a cause of action for something else.

It may well be that in an action by the employee against the third party tortfeasor the employee would have the burden of proving that the various items claimed were reasonable and necessarily incurred as the proximate result of the third party's negligence. The reason for the difference is that as to the employee the amount of the award by the state agency is not an element of the employee's damage. As to the employee, the amount of the award is an account receivable. It is not an obligation to pay. The amount of such an award is therefore not an element of damage insofar as the employee is concerned. Insofar as the employer is concerned, such an award is an element of damage since there is no legal escape from the obligation to pay once the award becomes final.

■ The due process requirements of the state and federal Constitutions are satisfied insofar as the third party tortfeasor is concerned when he is accorded the opportunity to be heard on the question of his liability to pay the employer's "damage" but once that issue of liability is determined, ad-

versely to the third party tortfeasor, then the measure of the employer's (or its insurer's) legal obligation to pay the employee is at least the minimum measure of the employer's "damage" and his claim against the third party tortfeasor.

One other point should be considered. After the parties had entered into the various stipulations above referred to, and the award of the Workmen's Compensation Appeals Board had been received in evidence, the following occurred: "THE COURT: Any further evidence on the part of the plaintiff? MR. PALA: No, Your Honor. THE COURT: Plaintiff rests? MR. PALA: Plaintiff rests. THE COURT: Further evidence on the part of the defendant? MR. COOKSEY: No. Defendant rests, Your Honor."

It is clear from the foregoing that appellant made no effort to offer evidence, if any he had, to refute the propriety of the award by the Workmen's Compensation Appeals Board. He made no effort to prove and tendered no evidence that all or any portion of that award was unnecessary or excessive or unreasonable. The only evidence before the court therefore was the award itself. Under these circumstances we think that appellant's claim of denial of his constitutional rights of due process is academic. He never sought to exercise such rights. He made no offer of evidence and no offer of proof. Under such circumstances he cannot claim a denial of his constitutional right of due process.

The judgment is affirmed.

Allport, Acting P. J., and Cobey, J., concurred.