[Civ. No. 20361. Fourth Dist., Div. Two. Feb. 26, 1980.]

DONALD MENDENHALL, Plaintiff, v.
DWIGHT CURTIS, Defendant and Appellant;
COUNTY OF ORANGE, Intervener and Respondent.

**COUNSEL**

Garrett & Dimino, Kenneth R. Garrett and Boyd F. Jensen II for Defendant and Appellant.

No appearance for Plaintiff.

Kegel & Tobin, C. John Reiner and Charles H. Carpenter for Intervener and Respondent.

**OPINION**

**TAMURA, Acting P.** The question presented by this appeal is whether an employer who intervened in an employee's third party action for personal injuries allegedly sustained in an automobile accident was entitled to recover workers' compensation benefits paid to the employee despite the jury's finding that defendant's negligence was not the proximate cause of any injury to the employee.

While in the course and scope of his employment as a deputy sheriff of Orange County, plaintiff was involved in an automobile accident. Plaintiff had slowed his vehicle to a stop to permit a car in front, proceeding in the same direction, to make a right turn into a driveway when he was rear ended by defendant. Plaintiff's vehicle suffered only

minor damage to the rear bumper. Plaintiff brought an action against defendants for personal injuries allegedly sustained in the accident and the County of Orange, permissibly self-insured against workers' compensation claims, filed a complaint in intervention to recover workers' compensation benefits paid to plaintiff allegedly as a consequence of the injuries suffered in the accident.

Before the commencement of trial, the county made motions *in limine* for a ruling that defendant be precluded from contesting either the reasonableness of the amount of compensation benefits paid by the county or that such payments were the proximate result of the accident. Defendant opposed the motion stating he was not challenging the reasonableness of the amount of workers' compensation benefits paid by the county but was asserting the right to have the issue of proximate cause determined by the jury. The judge granted the county's motion, basing his ruling on Labor Code sections 3854 and 3855. (All section references are to the Labor Code unless otherwise indicated.) The judge was of the view that the statute required the employer's liability for workers' compensation benefits to be deemed the proximate result of the accident. There being no claim that the employer was negligent, the court ruled that liability to the employer would be established by proof of defendant's negligence. Defendant was then precluded from litigating the question whether defendant's negligence, if any, was the proximate cause of the county's damages.

Following the ruling, the parties stipulated that the county had paid $23,769.10 in workers' compensation benefits for injuries plaintiff claimed he sustained as a result of the accident. Certified copies of compromises and releases approved by the Workers' Compensation Appeals Board confirming such payments were received in evidence.

In submitting the case to the jury, the court, in accordance with its ruling on the county's motions *in limine*, instructed the jury that plaintiff had received $23,769.10 in workers' compensation benefits "for the same injury for which he seeks damages from the defendant in his action; and that this amount was paid by the County of Orange, which was plaintiff's employer. Those expenditures made by the County of Orange shall be considered as proximately caused by the accident in question." The court also instructed the jury that the issues the county had the burden of proving were: Defendant's negligence and the amount of workers' compensation benefits paid.

Separate special verdicts were submitted and returned as to the plaintiff and the county. With respect to plaintiff, the jury found that defendant was negligent but that the negligence was not a proximate cause of any injury to plaintiff. As to the county, the jury found that defendant was 100 percent negligent and that plaintiff was not negligent. On the basis of the special verdicts, the court entered a judgment that plaintiff take nothing on his complaint and a judgment that the county recover $23,769.10 and costs from defendant. Defendant appeals from the judgment in favor of the county.[1]

Defendant contends that the court erred in ruling that section 3854 precluded defendant from litigating the question whether defendant's negligence was a proximate cause of the county's damages. For reasons expressed below, we agree.

## DISCUSSION

Where an employee's industrial injury has been caused by the tortious act of a third person, an employer who has paid workers' compensation benefits to, or for the benefit of, the injured employee may seek reimbursement from the third party. (§ 3852.)[2] The employer may enforce his right to reimbursement by applying for a lien against any judgment recovered in an action by the employee (§ 3856, subd. (b)); he may sue the third party directly (§ 3852); or he may join as a plaintiff or intervene in an action brought by the employee (§ 3853). In the case at bench, the employer chose to intervene in the employee's action.

Section 3854 provides: "If the action is prosecuted by the employer alone, evidence of any amount which the employer has paid or become

---

[1]Plaintiff moved for a judgment notwithstanding the verdict and for a new trial, both of which were denied. In denying the motions, the judge stated that in his view plaintiff failed to prove that he suffered any injury as a result of the accident. Plaintiff cross-appealed from the judgment, but his appeal was dismissed for failure to file an opening brief.

[2]Section 3852 provides: "The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. Any employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person. In the latter event the employer may recover in the same suit, in addition to the total amount of compensation, damages for which he was liable including all salary, wage, pension, or other emolument paid to the employee or to his dependents."

obligated to pay by reason of the injury or death of the employee is admissible, and such expenditures or liability shall be considered as proximately resulting from such injury or death in addition to any other items of damage proximately resulting therefrom."

Section 3855 provides: "If the employee joins in or prosecutes such action, either the evidence of the amount of disability indemnity or death benefit paid or to be paid by the employer or the evidence of loss of earning capacity by the employee shall be admissible, but not both. Proof of all other items of damage to either the employer or employee proximately resulting from such injury or death is admissible and is part of the damages."

The trial court ruled that whether the employer sues alone or intervenes in an employee's action, section 3854 mandates that the employer's liability for workers' compensation benefits be deemed the proximate result of the third party's conduct and that the only element necessary to establish liability is proof that the third party's conduct was tortious.

■ Courts and commentators have interpreted section 3854 to mean that in an employer's third party action, the amount of workers' compensation benefits which the employer has paid or has been obligated to pay constitutes the minimum damage suffered by the employer and that the third party is precluded from litigating the reasonableness of that amount. (*State Comp. Ins. Fund* v. *Williams* (1974) 38 Cal.App.3d 218, 222 [112 Cal.Rptr. 226]; *Board of Administration* v. *Ames* (1963) 215 Cal.App.2d 215, 223-224 [29 Cal.Rptr. 917], overruled on other grounds in *Ventura County Employees' Retirement Association* v. *Pope* (1978) 87 Cal.App.3d 938, 955 [151 Cal.Rptr. 695]; *Sacramento* v. *Central California T. Co.* (1926) 78 Cal.App. 215, 218-219 [248 P. 307]; Lasky, *Subrogation Under The California Workmen's Compensation Laws—Rules, Remedies and Side Effects* (1972) 12 Santa Clara Law. 1, 8; Lasky, *Expanded Scope of Recovery in Industrial Third Party Litigation* (1966) 41 State Bar J. 383, 384-385; Cal. Workmen's Compensation Practice (Cont.Ed.Bar 1973) § 18.15, p. 656.) As Mr. Lasky has explained: "The effect of the language [in § 3854] '...and such expenditures or liability shall be considered as proximately resulting from such injury or death...' appears to be that if, for example, the employer or the employee proved the employer's

damages by offering in evidence a certified copy of an Award of the Industrial Accident Commission, finding a specified degree of permanent disability, and by proving payment of medical bills and weekly temporary disability payments, and did not attempt to prove plaintiff's loss of earning capacity in the conventional manner, then the question of the extent of plaintiff's injury, would be foreclosed and defendant could not attempt to go behind the Industrial Accident Commission Award. The result would be that there would be a minimum floor on damages recoverable in the action, consisting of the amounts which the employer (or his compensation carrier) had expended and was obligated to expend. In addition, of course, plaintiff employee, as distinguished from his employer (who might or might not be a joining or intervening party), could also be entitled to his own special damages, as well as general damages over and above, but not duplicating, the amount represented by the award of the Industrial Accident Commission." (Lasky, *supra*, 41 State Bar J., 383, 384-385.) The contention that the foregoing interpretation of section 3854 violates the procedural due process rights of the third party has been rejected. (*State Comp. Ins. Fund* v. *Williams, supra*, 38 Cal.App.3d 218, 226-227.)

We have found no case, however, construing the Labor Code sections (§§ 3852, 3854, 3855) as foreclosing the third party from litigating the question whether his tortious conduct was a proximate cause of any injury to the employer. Indeed, as the court in *Board of Administration* v. *Ames, supra*, 215 Cal.App.2d 215, at page 224, stated: "Defendant's [third party's] liability is not determined in the Industrial Accident Commission proceeding. It is determined in this action. If the trial court had found that Hanson's [employee's] injuries were not caused by defendant's negligence plaintiff [employer] could not have prevailed." In the case at bench, in order to establish defendant's liability for the workers' compensation benefits paid by the county, it was incumbent upon the county to prove not only that defendant was negligent but that such negligence was a proximate cause of the employee's injuries. (Cf. *Ventura County Employees Retirement Association* v. *Pope, supra*, 87 Cal.App.3d 938, 942-944.)

The county contends that the issue on this appeal is whether the judgment in favor of the employer is consistent with the special verdict that defendant's negligence was not a proximate cause of any injury to plaintiff. The county contends that there is no inconsistency because the concept of "causation" under the workers' compensation laws, that is

whether the injury occurred in the course and scope of the employment, is much broader than the concept of proximate cause under common law theory.

The county's argument is based on the theory that the employer's cause of action is a statutory cause of action for indemnity, which was unknown at common law and is independent of the employee's common law right of action. The argument is unpersuasive. The instant action is not a workers' compensation proceeding; it is a civil action against a third party for the recovery of damages allegedly caused by his negligence. While a Court of Appeal has characterized the employer's right to reimbursement as an entirely new cause of action unknown at common law and separate from the injured employee's common law cause of action for damages (see *State Comp. Ins. Fund* v. *Williams, supra,* 38 Cal.App.3d 218, 222), the most recent expression of our high court on the nature of the employer's cause of action treats it as essentially a tort action. (*County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363].) ■ The Supreme Court stated: "The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover. (See *Baugh* v. *Rogers, supra* [24 Cal.2d 200 (148 P.2d 633, 152 A.L.R. 1043)].) Instead, the substantive law which governs employer and employee actions is usually the general tort law. As applied in cases involving employee and employer third party claims, however, the general tort law works in parallel with the procedures which the Legislature has set up. Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings an action, it is essentially the same lawsuit." (*Id.,* at pp. 873-874.) The high court further observed that in granting an employer the right to sue third parties "the Legislature simply gave statutory recognition to principles of equitable subrogation" and added: "Apparently, even if the Legislature had not acted, an employer would have been able to recover from a third party who was responsible for the employer having to pay workers compensation. In the sense in which the county uses the term, therefore, the employer's right of action may not be 'statutory.'" (*Id.,* at p. 876, fn. 7.)

■ We conclude that the trial court erred in its interpretation of section 3854 and that the jury finding that defendant's negligence was not a proximate cause of any injury to plaintiff is inconsistent with the

judgment in favor of the county for the amount of workers' compensation benefits paid to plaintiff.

Judgment is reversed.

Kaufman, J., and Morris, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied April 24, 1980.