[Civ. No. 15607. Fourth Dist., Div. Two. Sept. 10, 1976.]

CHARLES M. SNIDER et al., Plaintiffs and Appellants, v.
WILLIAM BASINGER, as Executor, etc., et al.,
Defendants and Respondents.

**COUNSEL**

Fred Crane for Plaintiffs and Appellants.

Dill & Showler and Scott Showler for Defendants and Respondents.

**OPINION**

KAUFMAN, J.—Plaintiffs sued defendants Basinger and First American Financial Corporation (hereinafter collectively "defendants") seeking (1) a declaration of plaintiffs' right to an assignment of certain deeds of trust upon tender of amounts due on promissory notes secured by the trust deeds, of which Basinger, as executor of the estate of Flossie E. Gay, is the beneficial owner and First American is trustee; and (2) a permanent injunction restraining Basinger and First American from selling the trust property either under the power of sale contained in the trust deeds or by judicial foreclosure. Also named as defendants were P. E. Five, a limited partnership, and Lawrence Barrett (hereinafter collectively "defendant cotenants"), who, with plaintiffs, are holders as tenants in common of record title to the trust property. Following a trial by the court, judgment was rendered declaring (1) that plaintiffs are entitled to have the trust deeds reconveyed by the trustee upon full payment of the notes; (2) that defendants have no duty to execute an assignment to plaintiffs upon tender of full payment of amounts due; and (3) that defendants have the right of foreclosure on failure to receive payment for the notes securing the deeds of trust according to the provisions thereof. Plaintiffs appeal from the judgment.

## FACTS

There was no testimony given at the trial and the only evidence admitted was the grant deed conveying the property to plaintiffs and defendant cotenants. However, from the grant deed and certain admissions made in the pleadings, the trial court made findings of fact, the substance of which, embellished for the sake of comprehension by additional uncontroverted facts contained in the briefs, follows.

On May 25, 1967, plaintiffs and defendant cotenants acquired title by grant deed to certain real property located in San Bernardino County. At that time, the property was encumbered by three deeds of trust executed and delivered by plaintiffs and defendant cotenants' predecessors in interest to Ben and Flossie Gay, husband and wife, both now deceased. The three deeds of trust were given as security for three promissory notes of equal amount totaling $15,750.

From May 25, 1967, until July 1, 1973, plaintiffs and defendant cotenants made biennial payments of principal and interest due on the notes. However, defendant cotenants refused to contribute their proportionate share of the amounts due on January 1 and July 1, 1974. As a result, the installment payments due on those days were not made.

On October 10, 1974, defendants executed notices of breach and default and of election to cause sale of the trust property. Thereafter, plaintiffs repeatedly offered to tender full payment due on the notes in exchange for an assignment to them by defendants of the trust deeds. Defendants rejected plaintiffs' offers and this litigation ensued.

## CONTENTIONS—DISCUSSION—DISPOSITION

■ Plaintiffs contend the trial court abused its discretion by refusing to declare their right to an assignment of the trust deeds upon tender of the amounts due on the promissory notes. Plaintiffs argue that under the circumstances, only an assignment of the trust deeds, rather than a reconveyance thereof, will protect their interest in the encumbered property. We have concluded that inasmuch as a tender of payment by plaintiffs would entitle them to an equitable lien by subrogation against defendant cotenants' interest in the subject property, there is no reason in equity to compel an assignment of the deeds of trust to plaintiffs. Consequently, we affirm the judgment.

In support of their argument that they are entitled to an assignment, plaintiffs rely on a number of "facts," of which no evidence was presented at trial. Plaintiffs mistakenly construe the appellate court function as a trial de novo on the issues decided by the court below. ■ However, it is well settled that "[s]tatements of alleged fact in the briefs on appeal which are not contained in the record and were never called to the attention of the trial court will be disregarded by this court on appeal." (*Knapp* v. *City of Newport Beach,* 186 Cal.App.2d 669, 679 [9 Cal.Rptr. 90], and authorities there cited.) With this in mind, we proceed to consider the sufficiency of the record before us to support the judgment.

■ Plaintiffs contend they are entitled to an assignment of the trust deeds because their rights of action against the cotenants would be extinguished by a reconveyance. This contention lacks merit.

■ When the obligation secured by a trust deed is satisfied, the deed is terminated and title to the property automatically revests in the trustor or his successor without a reconveyance. (Civ. Code, § 871; *Nilson* v. *Sarment,* 153 Cal. 524, 530 [96 P. 315].) The trustor is entitled to a reconveyance (see Civ. Code, § 2941), but the legal effect of reconveyance is only to clear the title of record. (*Montgomery* v. *Meyerstein,* 186 Cal. 459, 463 [199 P. 800]; *MacLeod* v. *Moran,* 153 Cal. 97, 100 [94 P. 604].)

■ Notwithstanding that a reconveyance occurs upon satisfaction of the underlying obligation, plaintiffs are entitled to an equitable lien by subrogation against the interests of defendant cotenants in the property to the extent of cotenants' proportionate and unpaid share of the balance due on the notes. Civil Code section 2903 provides: "Every person, having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed, and, by such redemption, becomes subrogated to all the benefits of the lien, as against all owners of other interests in the property, except in so far as he was bound to make such redemption for their benefit." ■ "The liability of cotenants, as between themselves, for the payment of liens against the common estate, is proportionate to their respective interests, and a cotenant relieving the common property from a lien or charge for the joint benefit of the tenants in common is entitled to an equitable lien by subrogation. [Citation.] For purposes of subrogation the paying cotenant is not deemed primarily, but only

secondarily, liable for his cotenant's proportion of the debt. [Citation.]" (*A.F.C., Inc.* v. *Brockett*, 257 Cal.App.2d 40, 43 [64 Cal.Rptr. 771]; see generally, *Riley* v. *Turpin*, 47 Cal.2d 152, 156-157 [301 P.2d 834]; *Kenney* v. *Kenney*, 97 Cal.App.2d 60, 62 [217 P.2d 151]; *Seale* v. *Balsdon*, 51 Cal.App. 677, 680 [197 P. 971].)

Plaintiffs argue, however, that an equitable lien by subrogation is insufficient under the circumstances to protect their interests. We do not agree.

 Where a party is entitled to be subrogated to the claim of another, his rights accruing as a result thereof do not differ from those which would be conferred by an assignment of the same claim. (*Meyers* v. *Bank of America etc. Assn.*, 11 Cal.2d 92, 94-95 [77 P.2d 1084]; accord: *Patent Scaffolding Co.* v. *William Simpson Constr. Co.*, 256 Cal.App.2d 506, 510 [64 Cal.Rptr. 187].) In *Meyers, supra*, the court noted with respect to an analogous situation, "assignment of an assignable cause of action is but one of the recognized forms of subrogation, . . . [W]hen one is entitled to substitution in the place of one entitled to institute and to maintain an action, neither a written, nor an oral contract, is necessary to effect a transfer of such right; consequently, with reference thereto, repeatedly it has been ruled not only that a formal, written assignment of a claim of the nature of that here involved adds nothing to the enforceability by the assignee of the cause of action, but also, that it is subject to the same defenses as though no assignment thereof of any sort had been made. . . . 'While the creditor may properly make an assignment of his rights and remedies to [another already entitled to be subrogated thereto], the completion of the [other's] subrogation, and his right to pursue the rights and remedies of the creditor, is not dependent on the willingness of the latter to make an assignment, *for in equity the [other's] payment causes an assignment by operation of law and no formal assignment or transfer is necessary.*' " (11 Cal.2d at pp. 94-95.)

 Under the rule thus stated, plaintiffs, entitled as they are to an equitable lien by subrogation against defendant cotenants, would gain no further advantage by a written assignment of the trust deeds. We conclude, therefore, that the judgment rendered by the trial court below is correct.

In their brief to this court, plaintiffs assert that in addition to the deeds of trust herein described there are also second deeds of trust against the

property. Inasmuch as no evidence of these junior encumbrances was presented to the court below, their actual existence or nonexistence has no bearing on the correctness of the judgment. However, because plaintiffs are obviously confused as to the effect to be given their equitable lien by subrogation upon the possible foreclosure of these junior encumbrances, we address the question briefly.

Plaintiffs apparently believe that once reconveyance of the first trust deeds is accomplished, the junior encumbrances will acquire an equity superior to that of plaintiffs' lien. Plaintiffs urge as a basis for their concern over such an eventuality the fact that the obligations secured by the junior encumbrances exceed in amount the value of the property encumbered.

Since we have concluded that plaintiffs are entitled to an equitable lien by subrogation, they acquire all rights which would otherwise be acquired by a written assignment. Insofar as an assignment would entitle plaintiffs to a priority senior 'to that of the junior encumbrancers, plaintiffs are likewise entitled to the same priority as subrogees. (See *Redington* v. *Cornwell,* 90 Cal. 49, 57-58 [27 P. 40]; *Pond* v. *Dougherty,* 6 Cal.App. 686, 690 [92 P. 1035]; Rest., Restitution, § 162 and com. *f* thereto; 73 Am.Jur.2d, Subrogation, §§ 120-121, at pp. 675, 676.)

Judgment affirmed.

Tamura, Acting P. J., and Morris, J., concurred.