[Civ. No. 60240. Second Dist., Div. Five. Sept. 30, 1981.]

HAMPTON FINNEY, Plaintiff, v.
MANPOWER, INC., Defendant and Appellant;
HARTFORD ACCIDENT AND INDEMNITY COMPANY,
Intervener and Respondent.

■■■■■■■■■

**COUNSEL**

Bolton & Gelbard and Alvin E. Green, Jr., for Defendant and Appellant.

Garabedian & Ayres and William Charles Rawson, Jr., for Intervener and Respondent.

**OPINION**

**HASTINGS, J.**—Defendant Manpower, Inc. appeals from a judgment reimbursing intervener Hartford Accident and Indemnity Company the full amount of the workers' compensation benefits paid to plaintiff Hampton Finney which total amount exceeded defendant third-party tortfeasor's proportional share of responsibility. The sole issue before us is whether the recovery by the intervener should be limited to the third-party tortfeasor's proportional share of responsibility.

*Factual and Procedural Background*

On July 13, 1976, Hampton Finney was injured in the course and scope of his employment at DeJur Amsco Corporation while assisting his employer move its business location. DeJur Amsco had also hired temporary help from defendant Manpower to assist in the move. As Finney and employees of Manpower were moving a large display case on a hand truck, the display case fell back on Finney's right shoulder causing an injury to his lower back. On May 26, 1977, Finney sued Manpower for his personal injuries. On July 11, 1978, Hartford filed its complaint in intervention for reimbursement of all workers' compensation benefits paid to Finney as a proximate result of Manpower's negligence. At trial, the jury found defendant Manpower 50 percent at fault and Finney 50 percent at fault in causing the latter's damages. The employer was found to be free of negligence. Without taking into consideration the amount of compensation benefits paid to Finney and without taking into consideration the question of reduction of damages due to plaintiff's negligence, the jury found the total amount of damages to be $20,452. The court entered judgment awarding Finney nothing and awarding the intervener $13,252, the full amount of workers' compensation benefits paid to plaintiff.

Defendant Manpower now appeals from the judgment in favor of the intervener. It argues that the judgment is erroneous in that the jury specially found defendant's negligence to have caused damage to plaintiff in the amount of $10,226, i.e., 50 percent of $20,452. Defendant asserts that the intervener-employer should stand in the "same shoes" as the plaintiff-employee with regard to the liability of a third-party defendant for injury to the employee. Consequently, the maximum recovery by the intervener-employer should not exceed the amount ultimately awarded to plaintiff-employee from third-party defendant after a deduction of plaintiff's comparative negligence has been made, i.e., the sum of $10,226.

The California worker's compensation scheme not only fixes the right of an employee who suffers a job related injury to recover compensation from his or her employer or fellow employees (Lab. Code, §§ 3600, 3601)[1] but also significantly defines the rights of action of both an employee and an employer in the event a third party is responsible for the employee's injury.

---

[1]Except where noted, all statutory references are to the Labor Code.

Under section 3601, the recovery of workers' compensation benefits is, except in limited circumstances, the exclusive remedy of the injured employee against the employer. The claim of those benefits, however, does not affect the employee's right of recovery "for all damages proximately resulting from such injury or death against any person other than the employer." (§ 3852; see *De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 222 [70 Cal.Rptr. 550, 444 P.2d 342].) In the event a third party is liable in whole or in part for the employee's injuries, the Labor Code provides the employer (or its insurance carrier) with three basic techniques for obtaining reimbursement from the third party for workers' compensation benefits the employer has paid or becomes obligated to pay: (1) the employer may bring an action directly against the third party (§ 3852), (2) join as a party plaintiff or intervene in an action brought by the employee (§ 3853), or (3) allow the employee to prosecute the action himself and subsequently apply for a first lien against the amount of the employee's judgment, less an allowance for litigation expenses and attorney's fees. (§ 3856, subd. (b)); *Witt* v. *Jackson* (1961) 57 Cal.2d 57, 69 [17 Cal.Rptr. 369, 366 P.2d 641]; *Associated Construction & Engineering Co.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 829, 833 [150 Cal.Rptr. 888, 587 P.2d 684].)

Sections 3856 and 3860 make it possible for a third party to be held liable "for all the wrong his tortfeasance brought about" (*Smith* v. *County of Los Angeles* (1969) 276 Cal.App.2d 156, 162 [81 Cal.Rptr. 120]), regardless of whether it is the employee or employer who brings suit. To the extent the damages an employee recovers from a third party duplicate the benefits which the employee has already received from the employer, the employee's recovery provides a fund from which the employer may draw. (See § 3856, subds. (b) and (c).) Taken together with the notice, intervention, and consolidation procedures set out in section 3853, these statutes attempt to insure that "[i]n either case, single or joint plaintiffs, there results but the one *total action*, and the defendant is put to his defense but once with the *totality* of recovery for his tortfeasance at issue." (*Id.*, at p. 164 [italics in original].)

In *Arbaugh* v. *Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500 [145 Cal.Rptr. 608], the "all or nothing" rule of contributory negligence applied in *Witt* v. *Jackson, supra,* 57 Cal.2d 57, was replaced by comparative negligence principles in third party actions, and it was held that an employer's liability for workers' compensation benefit is in proportion to the employer's degree of negligence. If the employer is free of negligence, the employer has a subrogated right to recover its compen-

sation payments as damages. (*Roe* v. *Workmen's Comp. Appeals Bd.* (1974) 12 Cal.3d 884, 889 [117 Cal.Rptr. 683, 528 P.2d 771].)

In the present case, the employer was determined to be free of negligence. This determination, however, does not expand the third-party defendant's proportional share of responsibility if the dollar amount awarded is less than the amount paid by the intervener in compensation benefits.

Under the general rule of subrogation, where a party is entitled to be subrogated to the claim of another, his rights accruing as a result thereof do not differ from those which would be conferred by an assignment of the same claim. (*Snider* v. *Basinger* (1976) 61 Cal.App.3d 819, 824-825 [132 Cal.Rptr. 637].)

In *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862 [140 Cal.Rptr. 638, 568 P.2d 363], the court, in holding that the one-year statute of limitations was appropriate in both actions brought by the employer and employee, discusses the derivative nature of a workers' compensation case, and stated at pages 873-875: "The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or an employer will in fact recover. [Citation.] Instead, the substantive law which governs employer and employee actions is usually the general tort law. ... *Substantively, as well as procedurally, employer and employee actions are interchangeable: regardless of who brings the action, it is essentially the same lawsuit.. ...*

"... 'The employee's general damage claim, whether prosecuted by the employee personally or by his employer or its insurance carrier on his behalf, is solely one in tort for personal injuries arising out of the negligence of the third party tortfeasor. ... *There is nothing in the Labor Code (§§ 3850-3863) which would indicate an intention to impose a greater burden on the tort feasor if recovery on the employee's damage claim is sought by the employer or its insurance carrier rather than the injured employee insofar as the time of suit is concerned. The tort liability ... remains the same.*' [Citation.]" (Italics added.) (See also *Ventura County Employees' Retirement Association* v. *Pope* (1978) 87 Cal.App.3d 938, 951 [151 Cal.Rptr. 695].)

■ Under these principles, the plaintiff-employee's total award is reduced by the amount received in workers' compensation benefits in

order to avoid double recovery. (*Witt* v. *Jackson, supra*, 57 Cal.2d at p. 73.) However, if, as in our case, third-party defendant's proportional share of responsibility for the plaintiff's damages is less than the compensation benefit paid by the intervener, then the third-party defendant "is liable only to the extent of his proportional share of responsibility." (See *Kemerer* v. *Challenge Milk Co.* (1980) 105 Cal.App.3d 334, 340 [164 Cal.Rptr. 397].) The third-party defendant's ultimate financial liability remains the same regardless of the amount the intervener has paid in compensation benefits. The amount awarded to the intervener affects only the *distribution* of the third party recovery between the intervener and the employee. (See Note (1977) 50 So.Cal.L.R. 1029, 1048.) As the court stated in *Baugh* v. *Rogers* (1944) 24 Cal.2d 200, 214 [148 P.2d 633], "the Labor Code does not purport to alter the correlative rights and liabilities of persons who do not occupy the reciprocal statuses of employer and employee." If, in this situation where the third-party defendant's proportional share of damages awarded was insufficient to satisfy the intervener's claim and if the award is not limited to that amount, then the defendant's obligation would be unfairly expanded beyond his determined proportional share of liability. Consequently, the judgment must be modified to limit the recovery of the intervener to $10,226. The judgment is modified by providing that intervener, Hartford Accident and Indemnity Company, have judgment against defendant Manpower, Inc. for the sum of $10,226, with interest thereon at the rate of 7 percent per annum. In all other respects, the judgment is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.