[Civ. No. 51667. First Dist., Div. Two. Dec. 22, 1981.]

ALLIANZ INSURANCE COMPANY, Plaintiff and Appellant, v.
THE MUNICIPAL COURT FOR THE SAN FRANCISCO
JUDICIAL DISTRICT OF THE CITY AND COUNTY OF SAN
FRANCISCO, Defendant and Respondent;
DANIEL F. DONOHUE, as Clerk, etc., Real Party in Interest and
Respondent.

COUNSEL

George W. Korte and Korte, Crain, Parente & Heisler for Plaintiff and Appellant.

George Agnost, City Attorney, and Paula Jesson, Deputy City Attorney, for Defendant and Respondent and for Real Party in Interest and Respondent.

OPINION

SMITH, J.—Appellant Allianz Insurance Company is a corporation which writes workers' compensation insurance. Appellant attempted to file with the Clerk of the Small Claims Court of the City and County of San Francisco certain claims against third party tortfeasors in order to recoup workers compensation benefits paid to injured workers as the result of the negligence of those third parties. When the clerk of the small claims court refused to file those claims, appellant filed a petition for writ of mandate in superior court, seeking an order compelling respondents, the Municipal Court of the City and County of San Francisco and the clerk of the municipal court, to file the claims in question. Respondents' demurrer to the petition was sustained by the Honorable Ira A. Brown, and judgment was entered in favor of respondents. This timely appeal followed.

Appellant's sole contention on appeal is that it is not an assignee within the meaning of Code of Civil Procedure section 117.5 which pro-

hibits the filing or prosecution of a claim in small claims court by the assignee of such claim.[1] We hold to the contrary. Appellant is an assignee within the meaning of section 117.5, and therefore the judgment is upheld.

The right of a workers compensation insurer to sue a third party tortfeasor to recoup benefits paid to an injured employee is based on statute. Labor Code section 3852 provides in pertinent part that "[a]ny employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation, may likewise make a claim or bring an action against such third person." Labor Code section 3850 defines "employer" to include the employer's insurer.

Appellant contends that, under the above-cited provisions of the Labor Code, it stands not as an assignee but rather as the holder of an independent statutorily created cause of action against a third party tortfeasor. Appellant by way of support cites *State Comp. Ins. Fund* v. *Williams* (1974) 38 Cal.App.3d 218, 222 [112 Cal.Rptr. 226] which concluded that the instant type of action is "an entirely new cause of action . . . unknown at common law. It is essentially a statutory action for *indemnity* to recover from the third person tortfeasor the 'damage' which the employer [or its insurer] has sustained as a proximate result of the third person's tort." However, in *Mendenhall* v. *Curtis* (1980) 102 Cal.App.3d 786, 793 [162 Cal.Rptr. 569], the court criticized *Williams* and found the independent "statutory cause of action" approach unpersuasive. The court in *Mendenhall* cited the following language from *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 873-874 [140 Cal.Rptr. 638, 568 P.2d 363]: "'The workers compensation statutes governing employer and employee actions against third parties do not define the substantive law which determines whether an employee or employer will in fact recover. [Citation] Instead, the substantive law which governs employer and employee actions is usually the general tort law.'" (*Ibid.*)

We conclude Labor Code sections 3850 and 3852 are merely a codification of judicially created principles of equitable subrogation. As noted

---

[1]Code of Civil Procedure section 117.5 provides: "No claim shall be filed by or prosecuted in such small claims court by the assignee of such claim. Nothing in this section shall prevent the filing or prosecution of a claim by a trustee in bankruptcy in the exercise of his duties as trustee, or by the holder of a conditional sales contract who has purchased such contract for his portfolio of investments and who is not an assignee for the purpose of collection."

in *County of San Diego* v. *Sanfax Corp., supra*, 19 Cal.3d at page 876, footnote 7: "[W]e have indicated that, in granting employers the right to sue third parties, the Legislature simply gave statutory recognition to principles of equitable subrogation. [citations] . . . Apparently, even if the Legislature had not acted, an employer would have been able to recover from a third party who was responsible for the employer having to pay workers compensation." (See also *De Cruz* v. *Reid* (1968) 69 Cal.2d 217, 222 [70 Cal.Rptr. 550, 444 P.2d 342]; *Western States etc. Co.* v. *Bayside L. Co.* (1920) 182 Cal. 140, 148 [187 P. 735].) In the early case of *Morris* v. *Standard Oil Co.* (1926) 200 Cal. 210, 213-214 [252 P. 605] our high court observed that under "the Workmen's Compensation Act, . . . when an employer is insured against liability for compensation with an insurance carrier, and such carrier shall have paid any compensation for which the employer is liable, . . . such insurance carrier shall be subrogated to all the rights of the employer, and may enforce such rights in its own name."

The courts have consistently held that subrogation operates as an equitable assignment. (See, e.g., *Fifield Manor* v. *Finston* (1960) 54 Cal.2d 632, 639-640 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813]; *Snider* v. *Basinger* (1976) 61 Cal.App.3d 819, 824 [132 Cal.Rptr. 637]; *Royal Indem. Co.* v. *Security Truck Lines* (1963) 212 Cal.App. 2d 61, 64-65 [27 Cal.Rptr. 858]; see, generally, 58 Cal.Jur.3d, Subrogation, § 2, pp. 630-632.) In holding that former Civil Code section 956, prohibiting the assignment of a claim for personal injuries, includes a bar against the transfer of such claims by subrogation, our Supreme Court in *Fifield Manor* v. *Finston, supra*, 54 Cal.2d at page 640 observed: "Whether the transfer be technically called assignment or subrogation or equitable assignment or assignment by operation of law its ultimate effect is the same, to pass the title to a cause of action from one person to another." (See also *Offer* v. *Superior Court* (1924) 194 Cal. 114, 119-120 [228 P. 11].)

Under the above-cited authorities, we hold that appellant, as a subrogee, is an "assignee" within the meaning of Code of Civil Procedure section 117.5 and, as such, is therefore barred from filing or prosecuting claims in small claims court. As stated in *Merchants Serv. Co.* v. *Small Claims Court* (1950) 35 Cal.2d 109, 115 [216 P.2d 846]: "Section 117f of the Code of Civil Procedure [now § 117.5] . . . does not confine its prohibition, in use of the small claims court, to assignees for collection or assignees for the purposes of suit. Rather it prohibits the filing of a claim by any and every 'assignee'; and as so used without limitation, the

word suggests a broad meaning was intended to attach thereto and to include anyone who stands in the place of the original creditor."[2]

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 17, 1982.

---

[2]Our resolution of this issue renders it unnecessary to discuss respondent's argument that the demurrer was properly sustained because appellant failed to join the alleged third party tortfeasors, who are indispensable parties to this action.