[Civ. No. 26819. Fourth Dist., Div. One. Mar. 16, 1983.]

JOHNNY DEAN HUBBARD, Plaintiff and Respondent, v.
ROBERT JAMES BOELT, Defendant and Respondent;
CITY OF SAN DIEGO et al., Interveners and Appellants.

**COUNSEL**

John W. Witt, City Attorney, Ronald L. Johnson, Chief Deputy City Attorney, and Thomas F. Calverley, Deputy City Attorney, for Interveners and Appellants.

No appearance for Plaintiff and Respondent.

Wingert, Grebing, Anello & Chapin and Michael M. Anello for Defendant and Respondent.

**OPINION**

**BROWN (Gerald), P. J.**—The City of San Diego (City) intervened in a personal injury action brought by Johnny Hubbard against Robert Boelt. Hubbard was a policeman employed by the City and was injured in an accident caused by Boelt's speeding and attempt to elude arrest. Hubbard's claim was denied by the California Supreme Court under the "fireman's rule," the court holding Hubbard "knowingly and voluntarily confronted a hazard" and thus is not entitled to damages (*Hubbard* v. *Boelt* (1980) 28 Cal.3d 480, 484 [169 Cal.Rptr. 706, 620 P.2d 156]). The Supreme Court did not consider the City's complaint seeking reimbursement for compensation and other benefits it paid to Hubbard as a result of the accident because the judgment then on appeal addressed only Hubbard's claim. Following the Supreme Court's decision, Boelt returned to the superior court and moved for summary judgment on the City's claim. The motion was granted and the City appeals.

The City's claim is based on Labor Code section 3852, which allows an employer who is obligated to pay benefits to an injured employee to sue the third party responsible for the injuries. The City argues this right of action is independent of the employee's right to sue the third person and is not barred by a finding the third person is not liable to the employee. Boelt contends the City is merely subrogated to its employee's rights and all defenses applicable in the employee's suit also apply in an action brought by the employer.

■ Here, a public employer, funded by tax dollars, is obligated to compensate a police officer due to the reckless and illegal conduct of the defendant. The City's obligation is imposed by no fault or choice of its own, as it results from the City's duty to provide police protection and to compensate officers injured in the line of duty. Justice and equity call out for shifting the City's burden to Boelt, the responsible party. But, an employer's action under section 3852 is derivative of the employee's right to sue; an employer who has paid benefits to an injured employee cannot collect reimbursement from a party who is immune to suit by the employee (*Breese* v. *Price* (1981) 29 Cal.3d 923, 928-929 [176 Cal.Rptr. 791, 633 P.2d 987]; *County of San Diego* v. *Sanfax Corp.* (1977) 19 Cal.3d 862, 874, 876, fn. 7 [140 Cal.Rptr. 638, 568 P.2d 363]).

Although employer actions under section 3852 have been held to be separate from the employee's right of action (*State Comp. Ins. Fund* v. *Williams* (1974) 38 Cal.App.3d 218, 222 [112 Cal.Rptr. 226]; *Carden* v. *Otto* (1974) 37 Cal.App.3d 887, 892 [112 Cal.Rptr. 749]), this approach is inconsistent with the Supreme Court's view. In *Breese* the court said, "it would be anomalous for an employer or insurer to recover damages greater, in nature or amount, than those afforded the employee." (*Breese* v. *Price, supra,* 29 Cal.3d 923, 928.) *Breese* expressly disapproves the rationale of *Williams* (*Breese* v. *Price, supra,* 29 Cal.3d 923, 931) and several recent cases recognize the Supreme Court requires employer suits under section 3852 to be treated as derivative rather than independent (*Allianz Insurance Co.* v. *Municipal Court* (1981) 126 Cal.App.3d 1043, 1045 [179 Cal.Rptr. 334]; *Finney* v. *Manpower, Inc.* (1981) 123 Cal.App.3d 1066, 1070 [177 Cal.Rptr. 74]; *Mendenhall* v. *Curtis* (1980) 102 Cal.App.3d 786, 793 [162 Cal.Rptr. 569]; *Ventura County Employees' Retirement Association* v. *Pope* (1978) 87 Cal.App.3d 938, 943, 948, 951 [151 Cal.Rptr. 695]). The Supreme Court has also reaffirmed its statement in *Sanfax* "that 'in granting employers the right to sue third parties, the Legislature simply gave statutory recognition to principles of equitable subrogation.'" (*Breese* v. *Price, supra,* 29 Cal.3d 923, 929; *County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d 862, 876, fn. 7.) A cause of action by a subrogee is, of course, subject to all defenses defendant could have asserted against the subrogor (*Liberty Mut. Ins. Co.* v. *Fales* (1973) 8 Cal.3d 712, 717 [106 Cal.Rptr. 21, 505 P.2d 213]; *Patent Scaffolding Co.* v. *William Simpson*

*Constr. Co.* (1967) 256 Cal.App.2d 506, 510 [64 Cal.Rptr. 187]); "Rights under subrogation are derivative rights, and succession to another's rights, like water, cannot rise higher than its source." (*Ventura County Employees' Retirement Association* v. *Pope, supra,* 87 Cal.App.3d 938, 952.)

The Supreme Court has found Hubbard's claim against Boelt is barred by the fireman's rule (*Hubbard* v. *Boelt, supra,* 28 Cal.3d 480).Therefore, in spite of the arguments supporting the City's position, its claim, being derivative, is also barred. This result was envisioned by the Supreme Court as it recognized employers would often be able to recoup compensation payments made to injured police officers and firemen *if* the fireman's rule was abolished and then refused to abolish it (*Walters* v. *Sloan* (1977) 20 Cal.3d 199, 206 [142 Cal.Rptr. 152, 571 P.2d 609]). The court in *Walters* also said the rationale for the fireman's rule, "[t]he principle denying recovery to those voluntarily undertaking the hazard causing injury," is akin to contributory negligence (*Walters* v. *Sloan, supra,* 20 Cal.3d 199, 204) and it is well settled an employee's contributory negligence can undermine an employer's claim under section 3852 (*County of San Diego* v. *Sanfax Corp., supra,* 19 Cal.3d 862, 874).

Our reluctance to affirm the judgment favoring Boelt stems not from adherence to the rule barring an employer's claim where the defendant has a valid defense to a claim by the injured employee; a defendant should not be deprived of a valid defense because the employer has assumed the plaintiff role by making compensation payments. The injustice is caused by the defense itself, the fireman's rule. The burden imposed on the City here is one more consequence of a rule allowing a person guilty of reckless and harmful conduct to escape liability because the person harmed was a police officer or fireman. That rule, however is the law, which we must follow (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]).

The judgment is affirmed.

Cologne, J., and Work, J., concurred.